THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LUIS MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.:_____ |
| ) | |
| CHROMALLOY CASTINGS TAMPA ) | |
| CORPORATION, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff, LUIS MARTINEZ (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby files this lawsuit against Defendant, CHROMALLOY CASTINGS TAMPA CORPORATION (hereinafter "Defendant" or "CHROMALLOY"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action by Plaintiff, LUIS MARTINEZ, for compensatory and punitive damages, under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*., Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, et seq.), as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. § 12111 *et seq*., as amended, the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 *et seq*., the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.01 *et seq*., to redress injury caused by Defendant's interference with Plaintiff's FMLA rights, retaliation against his protected conduct of seeking leave for his injury(ies) and/or seeking an accommodation, discriminatory treatment by Defendant motivated by his protected classes (including his disability), retaliation in response to

SALAS LAW FIRM, P.A.

his protected conduct and exercise of his FMLA rights and/or previous on-the-job injury and complaint concerning it.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 29 U.S.C. § 2601 *et seq*., 42 U.S.C. § 2000(e) *et seq*., and 29 U.S.C. § 621 *et seq*. This Court has supplemental jurisdiction of the Florida Civil Rights Act Claims and any other state law claims pursuant to 28 U.S.C. § 1367. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above to include attorneys' fees, costs, and damages, including to the extent permissible under the FWCA.

3. Defendant employs at least fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

4. Venue is proper in Hillsborough County (28 U.S.C. § 89(c)), because Defendant conducts business in Hillsborough County, and some or all of the acts alleged herein took place in Hillsborough County.

5. Defendant is incorporated in and has its principal place of business in the state of Florida, namely, at 3401 Queen Palm Drive, Tampa, FL 33619. At least fifty employees working for Defendant worked at and/or reported to this address for work along with Plaintiff, and there are fifty or more employees employed by Defendant within a seventy-five mile radius of this address.

6. Plaintiff is a resident of Hillsborough County and lives in Tampa, Florida.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8. On or about August 19, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 511-2020-04467. A true and correct copy of Plaintiff's charge is attached hereto as Exhibit "A".

9. On or about October 6, 2020, the EEOC issued a Notice of Right to Sue letter to Plaintiff and suit has been commenced within ninety (90) days of receipt of the letter, a true and correct copy of which is included in Exhibit "B".

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff is a thirty-nine-year-old, male of Latin/Cuban origin, who was hired by Chromalloy on or about 2018 as a full-time employee.

11. Plaintiff worked for Chromalloy from 2018 until his termination on or about February 13, 2020.

12. Throughout his employment, Plaintiff received positive performance feedback from his supervisors.

13. Sometime in early February of 2020, while performing his duties at Chromalloy, Plaintiff experienced severe shoulder pain associated with heavy lifting on-the-job.

14. Plaintiff notified his supervisor, Francisco Rodriguez, about his on-the-job injury soon after it occurred.

15. Plaintiff was told to take some ibuprofen.

16. To Plaintiff's knowledge, Defendant did not file a worker's compensation claim.

17. Despite his pain, Plaintiff continued to work.

18. About two (2) days after notifying the Defendant of his on-the-job injury, he requested to take two (2) personal or "floating" days off.

19. Plaintiff had earned these days prior to his request.

20. Plaintiff had available personal and/or "floating" days.

21. Plaintiff requested these days to allow his injured shoulder to rest and/or heal.

22. Plaintiff's supervisor, Francisco Rodriguez, approved the two days off; however, advised Plaintiff he would have to make up the days on the weekend.

23. Plaintiff advised Mr. Rodriguez he was not scheduled to work the weekend and needed the time off to allow his injured shoulder to rest.

24. About an hour or so later, Mr. Rodriguez advised Plaintiff he could not use his personal and/or "floating" days and needed to use sick leave.

25. Mr. Rodriguez further advised Plaintiff that Defendant's manager, Napoleon Ampuero (not of Cuban origin), would not allow Plaintiff to use his personal and/or "floating" days off.

26. Plaintiff requested to speak to a senior manager as ask why he could not use his personal and/or "floating" days off.

27. Plaintiff along with Mr. Rodriguez, met with Ampuero's supervisor and Defendant's senior manager Jared l/n/u (not of Latin or Cuban origin), who told Plaintiff he would only be permitted to use sick leave.

28. About a week later, on or about February 13, 2020, Plaintiff was called into a meeting with Ampuero, Rodriguez, and Jared l/n/u, where Ampuero told Plaintiff he was terminated.

29. Defendant did not have a reason for its termination; rather, Plaintiff believes it was directly related to his complaint about his injury/serious medical condition as well as his complaint about using his personal days to heal, whereas comparator employees were allowed to use their

personal days without being refused and interfered with and/or requested leave related to injuries and were not terminated soon after.

30.     Defendant, through its managers, supervisors, employees, and agents, failed to act in good faith concerning Plaintiff's on-the-job injury and/or failed to engage him in any interactive process concerning handling his on-the-job injury and an associated accommodation.

31.     Defendant, through its managers, supervisors, employees, agents, treated Plaintiff less favorably than others without any on-the-job injury in the terms and conditions of their employment.

32.     Defendant, through its managers, supervisors, employees, agents, mistreated Plaintiff when he requested time off due to his on-the-job injury.

33.     Defendant, through its managers, employees, and agents, failed to provide documents concerning intermittent FMLA leave or other unpaid leave as part of an ADA accommodation in connection with his on-the-job injury.

34.     Defendant, through its managers, supervisors, employees, and agents, retaliated against Plaintiff due to his on-the-job injury and/or filing an internal complaint requesting leave related to his injury.

35.     Defendant is or may be liable to Plaintiff under the "cat's paw" theory of vicarious liability and, to the extent necessary, alleges that it is so liable.

36.     Plaintiff is proceeding under and alleges a mixed motive theory of liability.

### Count I – ADA – Disparate Treatment & Failure to Accommodate

37.     Plaintiff realleges and incorporates as if fully set forth herein all of the preceding paragraphs of this complaint.

38. Plaintiff has completed all necessary pre-requisites to bring its claims under the American with Disabilities Act of 1990, 42 U.S.C. § 12112(a) as amended.

39. Plaintiff was a qualified individual with a disability or disabilities.

40. Plaintiff was substantially limited in one or more major life activities due to his shoulder injury, including being substantially limited in the use of his arm and/or shoulder for long periods of time, and suffered a cognizable disability under the ADA.

41. Plaintiff was substantially limited in one or more of the major life activities due to his shoulder injury, including being unable to care for himself, and/or unable to perform manual tasks as well as reaching, lifting, working, and loss of bodily functions.

42. Defendant was aware of Plaintiff's disability and/or substantial limitation in a major life activity and/or record of such impairment, and/or Defendant regarded Plaintiff as being disabled.

43. By and through its agents, supervisors, and employees, Defendant engaged in otherwise permitted a pattern and practice of unlawful disability discrimination against Plaintiff with respect to his compensation, terms, conditions or privileges of employment.

44. On information and belief, Defendant subjected Plaintiff to disparate treatment based on his disability, discriminating against him, including by terminating him and not terminating other employees who took and sought medical leave or accommodation(s) and/or had serious medical conditions and/or disabilities and/or on-the-job injuries, suggesting he should take sick leave as opposed to personal and/or "floating' days, and refusing to engage Plaintiff in an interactive process or an adequate interactive process.

45. Plaintiff requested that Defendant respond to his request and/or engage him in an interactive process concerning a potential accommodation or accommodations, including taking his earned personal days off and/or "floating" days, and/or FMLA leave.

46. On information and belief, Defendant, through its agents, supervisors, and employees, including Francisco Rodriguez, Napoleon Ampuero, and Jared, l/n/u, failed to engage Plaintiff in any interactive process, callously and retaliatory terminated Plaintiff for requesting days off in efforts to rest his shoulder due to an on-the-job injury, and intentionally discriminated against Plaintiff, failed to accommodate him or failed to accommodate him in reality and adequately, and damaged him.

47. As a result of the aforementioned conduct, Defendant violated the ADA and FCRA.

48. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action which was motivated by his disability and resulting in him suffering further injury.

49. Plaintiff further alleges that he suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on a disability and/or violation of his rights were continuing in nature by Defendant.

50. Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination from the workplace and to prevent it from occurring.

51. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count II – FCRA –Disparate Treatment & Failure to Accommodate

52. Plaintiff realleges and incorporates paragraphs 1 to 36 as if fully set forth herein.

53. Plaintiff has completed all necessary pre-requisites to bring his claims under the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a).

54. Plaintiff was a qualified individual with a disability or disabilities.

55. Plaintiff was substantially limited in one or more major life activities due to his shoulder injury, including being substantially limited in the use of his arm and/or shoulder for periods of time, and suffered a cognizable disability under the ADA.

56. Plaintiff was substantially limited in one or more of the major life activities due to his shoulder injury, including being unable to care for himself, and/or unable to perform manual tasks as well as reaching, lifting, working, and loss of bodily functions.

57. Defendant was aware of Plaintiff's disability and/or substantial limitation in a major life activity and/or record of such impairment, and/or Defendant regarded Plaintiff as being disabled.

58. By and through its agents, supervisors, and employees, Defendant engaged in otherwise permitted a pattern and practice of unlawful disability discrimination against Plaintiff with respect to his compensation, terms, conditions or privileges of employment.

59. On information and belief, Defendant subjected Plaintiff to disparate treatment based on his disability, discriminating against him, including by terminating him and not terminating other employees who took and sought medical leave or accommodation(s) and/or had serious medical conditions and/or disabilities and/or on-the-job injuries, suggesting he should take sick leave as opposed to personal and/or "floating' days, and refusing to engage Plaintiff in an interactive process or an adequate interactive process.

60. Plaintiff requested that Defendant respond to his request, effectively requesting that Defendant engage him in an interactive process concerning a potential accommodation or

accommodations, including taking his earned personal days off and/or "floating" days, and/or FMLA leave.

61. On information and belief, Defendant, through its agents, supervisors, and employees, including Francisco Rodriguez, Napoleon Ampuero, and Jared, l/n/u, failed to engage Plaintiff in any interactive process, callously and retaliatory terminated Plaintiff for requesting days off in efforts to rest his shoulder due to an on-the-job injury, and intentionally discriminated against Plaintiff, failed to accommodate him or failed to accommodate him in reality and adequately, and damaged him.

62. As a result of the aforementioned conduct, Defendant violated (at least) the ADA and the FCRA.

63. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action which was motivated by his disability and resulting in him suffering further injury. The temporal proximity alone (less than two weeks) evidences the retaliatory motive by Defendant.

64. Plaintiff further alleges that he suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on a disability and/or violation of his rights were continuing in nature by Defendant.

65. Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination from the workplace and to prevent it from occurring.

66. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count III – FMLA Interference

67. Plaintiff realleges and incorporates paragraphs 1 to 36 as if fully set forth herein.

68. At all times during Plaintiff's employment, Defendant was an "employer" as defined in § 101(4) of the FMLA, 29 U.S.C. § 2611(4)(A).

69. At all times during Plaintiff's employment, Plaintiff was an "eligible employee" as defined of the FMLA, 29 U.S.C. § 2611(2).

70. Plaintiff engaged in a statutorily protected activity, attempted to take medical leave for a serious injury he suffered at work, and suffered an adverse employment action, termination, in early February 2020.

71. Plaintiff did not receive his entitlement to FMLA leave, intermittent or otherwise, including not receiving his entitlement to medical leave related to his serious health condition.

72. On information and belief, Defendant treated other employees more favorably in the terms and conditions of their employment concerning medical and FMLA leave, including offering light duty positions and/or counting or allowing FMLA leave differently for them, including leave following on-the-job injuries.

73. On information and belief, Defendant, through its agents, supervisors, insurers, and employees, by terminating Plaintiff without providing him with FMLA leave, and/or by Mr. Rodriguez declining his request to take time off, and/or by treating Plaintiff less favorably than other employees who suffered an on-the-job injury and/or who took FMLA leave, interfered with the exercise of and/or discriminated against Plaintiff for his exercise of his rights under the Family and Medical Leave Act of 1993, in violation of the anti-interference and anti-discrimination provisions of §105(a) of the FMLA, 29 U.S.C. § 2615(a), 29 C.F.R. § 825.220.

74. Defendant denied Plaintiff a benefit or benefits to which he was entitled under the FMLA by terminating him after requesting time off due to his on-the-job injury.

75. Defendant used Plaintiff's entitlement and attempted exercise of FMLA rights as a negative factor against him.

76. By and through its agents, supervisors, and employees, Defendant engaged in or otherwise permitted a pattern and practice of unlawful interference, discrimination, or retaliation on the basis of medical leave against Plaintiff with respect to his compensation, terms, conditions or privileges of employment.

77. As a result of the aforementioned conduct, Defendant violated the FMLA.

78. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment action which was motivated by his medical leave and/or his medical leave was a substantial factor in Defendant's adverse action.

79. Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate FMLA interference from the workplace and to prevent it from occurring, including not adhering to its own internal policies and/or not applying its policies in a uniform fashion.

80. As a direct and proximate result of Defendant's willful discrimination and/or interference, Plaintiff has suffered damages. Plaintiff is thereby entitled to and/or seeks damages including back wages, liquidated damages, front pay, interest, and attorney's fees and costs.

### Count IV – FMLA Retaliation

81. Plaintiff realleges and incorporates paragraphs 1 to 36 as if fully set forth herein.

82. Plaintiff engaged in a statutorily protected activity, requesting needed time off from work to rest his shoulder due to an on-the-job injury, and then suffered adverse employment actions and termination.

83. Defendant, by terminating Plaintiff, retaliated against and/or used his medical leave as a negative factor and/or discriminated against Plaintiff for his exercise of his rights under the FMLA, in violation of the anti-retaliation and antidiscrimination provisions of §105(a) of the FMLA and/or of an implied federal right to be free from retaliation for exercising rights under the FMLA.

84. As a result of the foregoing, Defendant damaged Plaintiff and violated the FMLA, including by causing him emotional distress.

85. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

86. As a direct and proximate result of Defendant's willful discrimination and retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, front pay, interest, and attorneys' fees and costs.

### Count V – ADA Retaliation

87. Plaintiff realleges and incorporates paragraphs 1 to 36 as if fully set forth herein.

88. Plaintiff engaged in a protected activity or activities, attempting to engage in an interactive process and/or taking protected medical leave and/or the seeking of an accommodation or accommodations.

89. When Plaintiff requested time off due to his on-the-job injury, he was forced to take sick leave and was nonetheless terminated.

90. Defendant, through its insurers, agents, supervisors, and employees retaliated against Plaintiff by refusing to allow him to use personal days or "floating" days as time off for recovery, forcing him to take sick leave, treating Plaintiff less favorably than other employees, failing to provide an adequate accommodation, and by terminating Plaintiff.

91. On information and belief, there is a casual link between Plaintiff's protected activity(ies), including attempting to engage in an interactive process and opposing practices made unlawful under the ADA, and his discriminatory and retaliatory termination.

92. As a result of the aforementioned conduct, Defendant retaliated against and damaged Plaintiff in violation of the ADA.

93. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action in retaliation for being disabled or injured and requesting time off to recuperate from his on-the-job injury was a motivating factor for Defendant's adverse actions.

94. Plaintiff further alleges that he suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation based on his disability or perception thereof and/or violation of his rights were continuing in nature by Defendant.

95. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

96. As a direct and proximate result of Defendant's willful discrimination and/or retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to compensatory and punitive damages, interest, and attorneys' fees and costs.

### Count VI – FCRA Retaliation

97. Plaintiff realleges and incorporates paragraphs 1 to 36 as if fully set forth herein.

98. Plaintiff engaged in a protected activity or activities, attempting to engage in an interactive process and/or taking protected medical leave and/or the seeking of an accommodation or accommodations.

99. When Plaintiff requested time off due to his on-the-job injury, he was forced to take sick leave and was nonetheless terminated.

100. Defendant, through its insurers, agents, supervisors, and employees retaliated against Plaintiff by refusing to allow him to use personal days or "floating" days as time off for recovery, forcing him to take sick leave, treating Plaintiff less favorably than other employees, failing to provide an adequate accommodation, and by terminating Plaintiff.

101. On information and belief, there is a casual link between Plaintiff's protected activity(ies), including attempting to engage in an interactive process and opposing practices made unlawful under the FCRA, and his discriminatory and retaliatory termination.

102. As a result of the aforementioned conduct, Defendant retaliated against and damaged Plaintiff in violation of the FCRA.

103. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action in retaliation for being disabled or injured and requesting time off to recuperate from his on-the-job injury was a motivating factor in Defendant's adverse actions.

104. Plaintiff further alleges that he suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation based on his disability or perception thereof and/or violation of his rights were continuing in nature by Defendant.

105. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

106. As a direct and proximate result of Defendant's willful discrimination and/or retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to compensatory and punitive damages, interest, and attorneys' fees and costs.

**Count VII – Title VII & FCRA Disparate Treatment – National Origin**

107. Plaintiff realleges and incorporates paragraphs 1 to 36 as if fully set forth herein.

SALAS LAW FIRM, P.A.

108. Plaintiff has completed all necessary pre-requisites to bringing its claims under Title VII and the FCRA.

109. Plaintiff is a member of a protected class, Latin male of Cuban national origin.

110. Plaintiff was subject to adverse employment actions, including forced to take sick leave due to an on-the-job injury, and termination.

111. Defendant treated similarly situated employees outside his protected class more favorably than Plaintiff, including employees of different national origins (Non-Latin and/or Non-Cuban) than Plaintiff that were not terminated for reporting and seeking leave for an on-the-job injury.

112. Defendant treats other Non-Cuban or Non-Hispanic employees more favorably, including by not disciplining or terminating them for reporting or seeking leave for an on-the-job injury.

113. Plaintiff was qualified to perform his job duties.

114. Plaintiff performed his job duties effectively.

115. On information and belief, Defendant subjected Plaintiff to disparate treatment based on his national origin and discriminated against him in the terms and conditions of his employment, including by or terminating him for reporting or seeking leave for an on-the-job injury.

116. As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

117. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline resulting in him suffering injury and being damaged.

118. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate discrimination from the workplace and to prevent it from occurring.

119. Plaintiff further alleges that he suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on his national origin and/or that the violations of his rights were continuing in nature by Defendant.

120. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorney's fees and costs.

### Count VIII –Workers' Compensation Retaliation

121. Plaintiff realleges and incorporates as if fully set forth herein all of the preceding paragraphs of this complaint.

122. This is an action against Defendant for workers' compensation retaliatory discharge under Fla. Stat. §§ 440.205; 440.015.

123. Plaintiff engaged in a protected activity, seeking information to file a workers' compensation claim, was terminated.

124. Defendant, through its agents, supervisors, possibly insurers, and employees, knew or were on notice of Plaintiff's condition and on-the-job injury.

125. Defendant, through its insurers, agents, supervisors, and employees, terminated Plaintiff's employment in February 2020 in violation of Fla. Stat. § 440.205, retaliating against him for filing a workers' compensation claim (or attempting to) less than two weeks before his termination.

126. Defendant, through its insurers, agents, supervisors, and employees further retaliated against Plaintiff by not allowing Plaintiff to take time off to recuperate from his on-the-

job injury, forcing him to take sick leave, and by otherwise treating Plaintiff differently that other employees because he suffered an on-the-job injury.

127. Plaintiff is seeking myriad damages, including lost wages, lost earning capacity, medical benefits, compensatory and punitive damages, as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant a permanent injunction enjoining Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discriminatory or retaliatory practices in violation of the law;

(b) Award Plaintiff judgment against Defendant for compensatory and/or liquidated damages as determined by the trier of fact;

(c) Award Plaintiff all restitution and other damages, including interest, for the benefits he would have received absent the retaliatory treatment;

(d) Enter judgment for liquidated and/or punitive damages against Defendant; and

(e) Award all reasonable attorneys' fees and costs incurred in connection with this action; and any other further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of January 2021.

//s//John Paul Salas, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@salaslawfirmpa.com
Fla. Bar. No. 87593

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@salaslawfirmpa.com
Fla. Bar. No. 60859